■ In the Matter of KEW GARDENS SANITARIUM, INC., et al., Respondents, v. RAY E. TRUSSELL, as Commissioner of Hospitals of the City of New York,

Appellant, and DEPARTMENT OF SOCIAL WELFARE OF THE STATE OF NEW YORK et al., Intervenors-Appellants.— In a proceeding pursuant to article 78 of the former Civil Practice Act, to annul the determination of the Commissioner of Hospitals of the City of New York refusing to issue an annual license to operate the Kew Gardens General Hospital as a private proprietary hospital, the Commissioner appeals from an order of the Supreme Court, Queens County, dated July 18, 1963, which granted the application and which: (1) annulled his said determination; and (2) directed him "to issue forthwith to the Petitioner Alphonse Ziviello, as Licensee, a license to operate Kew Gardens General Hospital as a private proprietary hospital * * * which license shall expire one year from the date of issuance, pursuant to Section 41 of the Hospital Code and Regulations promulgated by the Board of Hospitals of the City of New York". By order of this court made September 16, 1963, the stay imposed by statute pending this appeal (CPLR 5519, subd. [a]; Civ. Prac. Act, § 571) was vacated to the extent of directing the Commissioner to issue to respondent Ziviello a temporary license to maintain and operate the hospital. Such temporary license has been issued; it is now in effect; and the hospital is operating thereunder. Order appealed from reversed on the law and the facts, without costs, and matter remitted to the Special Term: (a) for the purpose of holding hearings and taking plenary proof of all the relevant facts and circumstances with respect to this issue: On April 4, 1956, when section 35-b of the Social Welfare Law became effective, who was then the actual licensee who was permitted or authorized to operate the Kew Gardens General Hospital as a private proprietary hospital?; and (b) for the purpose of making definitive findings upon such issue and a determination *de novo* of all the issues on the basis of the proof adduced upon the hearings and upon the entire record. This reversal and remission are made on the conditions, however: (1) that, within 30 days after entry of the order hereon, the Commissioner of Hospitals of the City of New York shall file and serve a written stipulation consenting that the existing temporary license shall remain in force and that the hospital may continue to operate thereunder pending the final determination of this proceeding and of any appeal from such determination; and (2) that within the period specified the petitioners shall file and serve a like stipulation with the added proviso that, while the hospital is operating under such temporary permit, petitioners will comply with all the applicable rules and regulations other than those now in dispute. The public interest requires that until this litigation is finally resolved the *status quo* of the hospital shall remain undisturbed. The record is not clear upon the vital issue stated above. The respective parties assert conflicting interpretations. In order to determine whether petitioners may invoke the "grandfather" clause of the statute (Social Welfare Law, § 35-b) and thus become entitled to renewal of the annual license, it is necessary that the Special Term make specific findings upon such issue and that such findings be supported by adequate proof (which should include the applications for the prior licenses and the licenses as issued upon such applications). There are no such findings, and the proof in the record now before us is inadequate and confusing. The learned Special Term Justice in his opinion (see 39 Misc 2d 742, 747) stated merely that the Commissioner of Hospitals in his answer admitted that the sanitarium, the corporate petitioner, "'has been the operator of a private proprietary hospital through a license issued to the petitioner, Alphonse Ziviello, by the Department of Hospitals'" and that "there is no question that the Sanitarium operated the Hospital long prior to the effective date of section 35-b." These statements and admissions obviously do not reach or resolve the critical issue involved (cf. *Matter of Hayes-Seventy-Third*

*Corp.* v. *DeSapio*, 9 A D 2d 454, affd. 8 N Y 2d 827). Beldock, P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.